UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RAMIREZ-DORANTES,<br><br>                            Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Civil No.:  16cv01632 JAH<br>Criminal No.: 10cr01793 JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255**<br>**[Doc. Nos. 236, 257]** |

      Petitioner Jose Luis Ramirez-Dorantes moves this Court to vacate and correct his sentence under 28 U.S.C. section 2255. Respondent opposes the motion. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

      On January 10, 2013, Petitioner pled guilty to one count of conspiracy to kidnap a federal officer and commit robbery in violation of 18 U.S.C. section 371 and one count of using and carrying a firearm in furtherance of crimes of violence in violation of 18 U.S.C. section 924(c). *See* Doc. No. 154. On December 19, 2013, the Hon. M. James Lorenz sentenced Petitioner to 60 months in prison on count 1 and 600 months on count 5, to run consecutively, followed by supervised release for 3 years on count 1 and 5 years on count 5 to run concurrently. *See* Doc. Nos. 228, 231.

On June 24, 2016, Petitioner filed a motion seeking relief under 28 U.S.C. section 2255. Doc. No. 236. Respondent filed an opposition and Petitioner filed a reply. Doc. Nos. 244, 245. Thereafter, the action was transferred to this Court. Petitioner, later, filed supplemental briefing and notices of supplemental authority. Doc. Nos. 247, 248, 249, 250.

Following the Supreme Court decision in *United States v. Davis*, 139 S.Ct 2319 (2019), this Court ordered Respondent to file a brief addressing the decision. Respondent filed a response in opposition and Petitioner filed a reply. Doc. Nos. 252, 253.

Thereafter, Petitioner filed an amended motion to vacate in which he renews and amends his petition to include all claims and arguments presented in his original petition, reply and supplement briefing to ensure his petition is timely filed.[1] Doc. No. 257.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## DISCUSSION

Petitioner moves this Court to vacate and correct his sentence under section 2255 and asserts he should not have received a sentence of fifty years for the section 924(c) count because the underlying offense was not necessarily a crime of violence. He argues the residual clause of the section 924(c) is unconstitutionally vague based upon the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015) and *Davis*. In opposition, Respondent argues the motion should be dismissed because Petitioner waived his right to collaterally attack his sentence and the motion is procedurally barred for failure

---

[1] Also pending before the Court is Petitioner's motion to withdraw a previously filed amended motion to vacate and Petitioner's motion to expedite determination. Doc. Nos. 256, 258.

to raise the argument on direct appeal. Respondent further argues Petitioner fails to carry his burden of proving he was convicted under the residual clause of section 924(c).

## I. Waiver

Respondent contends the motion should be dismissed because Petitioner waived his right to collaterally attack his sentence. As part of his plea agreement, Petitioner waived his right to appeal or collaterally attack his sentence. *See* Plea Agreement at 11 (Doc. No. 153). A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. section 2255 is statutory in nature, and a defendant may therefore waive the right to file a section 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished his right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence). The scope of a section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made. *See Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. *See Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).

If Petitioner prevails on his claim that he was sentenced under unconstitutionally vague language, his sentence is illegal and he is not precluded from challenging his sentence despite the waiver. As such, whether Petitioner is barred from seeking collateral relief rests on the merits of his claim.

## II. Procedural Bar

Respondent argues Petitioner procedurally defaulted his challenge because he failed to file an appeal. A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain

relief under section 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Respondent contends Petitioner cannot establish cause or prejudice to overcome the bar.

Petitioner maintains any procedural default is excused by cause and prejudice because his challenge was not reasonably available until *Johnson* overruled two prior Supreme Court decisions holding the residual clause was not void for vagueness and overturned lower courts' practice of imposing punishment under the section 924(c) residual clause. Petitioner further maintains he can show he is actually innocent of the section 924(c) conviction.

A petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). Prior to the Supreme Court's ruling in *Johnson*, vagueness challenges to the residual clause of the Armed Career Criminal Act ("ACCA") were not reasonably available. Similarly, the possible extension of the reasoning of *Johnson* to the guidelines' similar language was not reasonably available. As such, Petitioner demonstrates cause.

Petitioner also demonstrates prejudice because an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights. *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346-47 (2016); *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013).

**III. Merits of Petitioner's Claim**

**A. Parties' Arguments**

In his original petition, Petitioner argues the holding in *Johnson* invalidating the residual clause of the ACCA applies equally to the residual clause of section 924(c) because the definition of "crime of violence" in the residual clause of section 924(c) is similar to the invalidated residual clause of the ACCA. He maintains the elements of section 924(c) to which he pled guilty are that he aided and abetted the discharge of a firearm in furtherance of "[a]t least one of the crimes of violence in Count 5 of the Superseding Indictment." Motion at 3. Count 5 lists robbery of personal property of the United States, unlawful confinement of a federal officer resulting in death, and murder of

a federal officer committed in perpetration of a robbery. Superseding Indictment at 5. Because he did not specify which of the three offenses he was admitting to, if any of the offenses fall exclusively under the residual clause, Petitioner argues, he did not admit the elements necessary to sustain his section 924(c) conviction and his sentence must be vacated. Petitioner contends unlawful confinement does not require the use of force and has only been found to be a crime of violence under the residual clause. Petitioner further contends neither robbery nor murder requires intentional, violent use of physical force. Because none of the three offenses to which his section 924(c) conviction potentially related require the use of force, he argues his conviction is not a crime of violence under the force clause and it cannot be a crime of violence under the discredited residual clause.

In response, Respondent argues Petitioner fails to carry his burden to demonstrate he was convicted under the residual clause of section 924(c) and maintains Petitioner fails to demonstrate the statute is vague as applied to him. Specifically, Respondent maintains Petitioner's underlying crimes involve a substantial risk that violent physical force against the person of another may be used during their commission. Additionally, Respondent argues robbery is a crime of violence under the force clause and, contrary to Petitioner's argument, only one of the predicate crimes must be a crime of violence under the force clause.

In his reply, Petitioner argues he meets his burden to show he was convicted under the residual clause of section 924(c). He contends the government's argument that he must prove he was sentenced under the residual clause is an unworkable approach that would deprive him years of liberty if the court failed to mention the residual clause at sentencing and argues this Court should decline to apply the approach in this matter.

He further argues the plain language of his plea demonstrates he did not admit that all three of the offenses, robbery, unlawful confinement, and felony murder, were committed. He only admitted that "at least one of" them was committed and did not specify which one. Therefore, the Court must assume that Petitioner's plea admitted only the conduct necessary to sustain the elements of the offense, including either unlawful

confinement or felony murder which the government agrees are not crimes of violence post-*Johnson*. Additionally, Petitioner argues the government fails to show robbery under 18 U.S.C. section 2112 is a crime of violence under the elements clause of section 924(c)(3)(A).

While the instant petition was pending, Petitioner filed a notice of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), in which the Court struck down the residual clause of section 924(c)(3)(B) as void for vagueness. In addition, Petitioner contends, the Supreme Court rejected the invitation to take a case specific approach reasoning advanced by Respondent here.

In response, the government argues that while the Court in *Davis* held the residual clause of section 924(c) is vague and unenforceable, the instant motion fails because robbery of federal property remains a "crime of violence" and a sentence for violation of section 924(c) based on a guilty plea is still lawful if at least one alleged and admitted conduct remains a crime of violence. The government maintains Petitioner admitted the robbery of federal property in his plea agreement. Because Petitioner's admitted conduct violates section 924(c), Respondent contends, Petitioner is not legally innocent and his sentence for that count remains lawful.

Respondent also contends Petitioner's argument that he did not admit the robbery he committed was a categorical match for robbery as defined by 18 U.S.C. section 2112 fails. Respondent maintains no authority requires that a defendant admit in a guilty plea or a jury find after a trial that the defendant's conduct "categorically" matches the crime with which he is presently charged. The government maintains Petitioner admitted the robbery and the facts plainly offend section 2112 and argues every robbery in violation of that statute is a crime of violence. Therefore, the government argues, the 2255 motion should be denied.

In reply, Petitioner argues the Ninth Circuit provided a road map for courts to determine whether a petitioner qualifies for *Johnson* relief in *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017). Petitioner maintains courts must apply the "Stromberg

principle" when the record is unclear as to whether a petitioner's conviction rested on the residual clause.  Because his plea agreement only required him to admit that at least one of the crimes of violence in count 5 of the Superseding Indictment was committed, without specifying which, Petitioner argues his conviction could have rested on unlawful confinement or robbery or felony murder, even though two of the three were constitutionally deficient.  He argues applying the "Stromberg principle" requires this Court hold his section 924(c) conviction is unconstitutional.

He further argues the government incorrectly claims that a section 924(c) conviction may rest on multiple underlying crimes.  He maintains the Ninth Circuit has held that each section 924(c)(1) charge must be based on a separate predicate offense even if the separate predicate crimes arose from the same act or incident.[2]  As such, he contends, the government's argument that his conviction rested on all three underlying crimes fails as it is a legal impossibility.

**B. Analysis**

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. 135 S.Ct. 1557.  Here, Petitioner challenges section 924(c) which generally prohibits the possession, carrying, or use of a firearm in relation to a crime of violence and carries a mandatory sentence.  It defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[2] Petitioner cites to *United States v. Smith*, 924 F.2d 889, 894 (9th Cir. 1991); *United States v. Martinez*, 967 F.2d 1343, 1348 (9th Cir. 1992); *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993); and *United States v. Andrews*, 75 F.3d 552, 558 (9th Cir. 1996).

18 U.S.C. § 924(c)(3). Courts generally refer to clause (A) as the "force clause" and to clause (B) as the "residual clause." *See United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017). In *Davis*, the Supreme Court struck down the residual clause of section 924(c) as unconstitutionally vague. In doing so, the Court rejected the government's suggestion the Court utilize a case specific analysis rather than the categorical approach when determining whether an offense is a crime of violence under the force clause. *Id*. at 2326 - 2333.

Conceding the residual clause is unenforceable, the government, argues Petitioner's sentence, based on a guilty plea, is still lawful because at least one of the alleged and admitted conduct, robbery, remains a crime of violence. Petitioner argues robbery is not a crime of violence under the force clause.

Utilizing the categorical approach, the Court finds robbery under section 2112 qualifies as a crime of violence under the force clause. Section 2112 punishes "[w]hoever robs or attempts to rob another of any kind or description of personal property belonging to the United States." 18 U.S.C. § 2112. "Rob" is not defined in the statute, therefore, the term is defined by common law. See *Carter v. U.S.*, 530 U.S. 255, 267 n.5 (2000); *United States v. Ornelas*, 906 F.3d 1138, 1143 (9th Cir. 2018). In *Stokeling v. United States*, the Supreme Court recognized that robbery, at common-law, required the use of force or violence and noted an unlawful taking, at common law, was "merely larceny unless the crime involved 'violence' and 'violence' was 'committed if sufficient force [was] exerted to overcome the resistance encountered.'" 139 S. Ct. 544, 550 (2019) (citing 2 J. Bishop, Criminal Law § 1156, p. 860 (J. Zane & C. Zollman eds., 9th ed. 1923)). "If an act physically overcame a victim's resistance, 'however slight' that resistance might be, it necessarily constituted violence." *Id*. Accordingly, robbery under section 2112 qualifies as a crime of violence under the force clause of section 924(c)(3).

Petitioner argues the Court cannot assume his section 924(c) plea rested on robbery, rather than unlawful confinement or murder. The Ninth Circuit has explained a court may determine whether a sentencing court relied on the residual clause, even when the record

lacks an explicit statement, by looking to the record and legal background at the time of sentencing. *United States v. Dade*, 6 F.4th 1013 (9th Cir. 2021) (citing *Geozos*, 870 F.3d 895).

Here, the plea agreement explained that Petitioner understood count 5 included the following elements:

> 1. At least one of the crimes of violence in Count 5 of the Superseding Indictment was committed; and
> 2. Defendant knowingly used, carried, brandished, or discharged a firearm during and in relation to that crime.

Plea Agreement at 3 (Doc. No. 153).

He admitted there was a factual basis for the plea and did not dispute the following facts:

> 1. On July 23, 2009, Defendant, Jose Juan Chacon-Morales, Marcos Rodriguez-Perez, Christian Daniel CastroAlvarez, and Emilio Samyn Gonzales-Arenazas traveled by car and foot to a remote area on the Mexican side of the U.S.-Mexico border near Campo, California. All five were carrying firearms and, at the direction of Chacon-Morales, sought to rob U.S. Border Patrol agent of his night vision device.
> 2. Defendant and Chacon-Morales remained on the Mexican side of the border fence and stood watch. As Agent Robert W. Rosas, Jr., in uniform and performing his official duties, responded to the area, Rodriguez-Perez, Castro-Alvarez, and Gonzales-Arenazas entered the United States through a hole in the border fence. After Agent Rosas exited his vehicle, Rodriguez-Perez, Castro-Alvarez, and Gonzales-Arenazas detained Agent Rosas at gunpoint. Agent Rosas resisted.
> 3. During the ensuing struggle, Rodriguez-Perez, CastroAlvarez, and Gonzales-Arenazas shot Agent Rosas multiple times, killing him. Rodriguez-Perez, Castro-Alvarez, and Gonzalez-Arenazas stole Agent Rosas's bag, firearm, handcuffs, and night vision device, among other things, and fled back to Mexico. They rejoined Defendant and Chacon-Morales, and all five fled the area.

Plea Agreement at 4.

During the change of plea hearing, Judge Lorenz explained, at trial, the government would have to prove that

> at least one of the crimes of violence in count five of the superseding indictment was committed, that [he] knowingly used, carried, brandished or discharged a firearm during and in relation to that crime.

Reporter's Transcript ("RT") 6:8-18.  When asked to provide a factual basis at the hearing, defense counsel paraphrased the language of the plea.  See RT 10:20-11:19. Petitioner responded affirmatively when the court asked if he did everything his counsel stated.  RT 11:20-25.

The record clearly demonstrates the court sentenced Petitioner based upon all three offenses, including robbery.  Petitioner argues his conviction can only rely on one predicate. The Court disagrees.  The cases cited by Petitioner do not support his argument. They address the issue of multiple firearm counts charged under section 924(c) based upon a single offense.  Here, the Court is addressing a single firearm count based upon multiple offenses.  Additionally, the court in *United States v. Espudo* noted the two petitioners committed two separate predicate offenses while brandishing or discharging a firearm, a RICO conspiracy and conspiracy to distribute a controlled substance.  768 Fed.Appx. 623 (9th Cir. 2019).  The court determined the petitioners were not entitled to section 2255 relief because their convictions were based in part on drug-trafficking crimes.  *Id*.

Because Petitioner's sentence was based upon the robbery predicate which qualifies as a crime of violence under the force clause, he is not entitled to relief under *Davis* or *Johnson*.  Therefore, his sentence is not illegal and his waiver bars collateral attack. Petitioner's motion is DENIED.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this.  A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this threshold showing, a petitioner must show that: (1) the

issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further.  Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate to deserve encouragement to proceed further.  Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to withdraw docket number 255 due to a clerical error (Doc. No. 256) is **GRANTED**;

2. Petitioner's motion to expedite (Doc. No. 258) is **DENIED as moot**;

2. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

DATED:   September 7, 2021

_____
JOHN A. HOUSTON
United States District Judge